|  |  |  |
|---|---|---|
| DEBBIE PITTMAN, on behalf of herself and all others similarly situated, | ) ) ) ) ) | **United States District Court** **Northern District of Illinois** |
| Plaintiffs, | ) ) | Case No.: 1:25-cv-7945 |
| v. | ) ) ) | |
| Miss Rosier Holding, Inc., | ) ) | |
| Defendant. | ) ) ) | |

### PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

Now comes Plaintiff Debbie Pittman, by and through her attorneys Equal Access Law Group PLLC, and respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 55(b)(2), for entry of default judgment against Defendant Miss Rosier Holding, Inc. ("Defendant"), and in support states as follows:

### PROCEDURAL BACKGROUND

1. Plaintiff filed this action on July 14, 2025, asserting claims under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181–89. (ECF No. 1).

2. The Complaint alleges that Defendant owns and operates the website https://miss-rosier.com, which contains multiple accessibility barriers denying blind and visually impaired individuals full and equal access to Defendant's goods and services. (ECF No. 1).

3. Defendant was properly served on November 19, 2025. (ECF No. 13).

4. Defendant's answer was due on December 10, 2025.

5. Defendant failed to answer, appear, or otherwise respond to the Complaint.

6. On January 14, 2026, Plaintiff requested entry of default. (ECF No. 17).

7. On January 20, 2026, the Court entered default against Defendant pursuant to Fed. R. Civ. P. 55(a) and directed Plaintiff to file a motion for default judgment. (ECF No. 18). Plaintiff now

timely moves for default judgment.

## ARGUMENT

### A.  Liability Under Title III of the ADA

8.  Upon entry of default, all well-pleaded allegations of the Complaint, except those relating to damages, are deemed admitted. *See e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

9.  Plaintiff is legally blind and relies on screen-reading software to access websites. (ECF No. 1 ¶¶ 2, 19).

10. Defendant owns and operates Miss-rosier.com, a retail website offering dresses, tops, and other apparel for purchase. (ECF No. 1 ¶ 21).

11. Plaintiff attempted to purchase a ruffle dress on Defendant's website but was prevented from completing a transaction due to multiple accessibility barriers. (ECF No. 1 ¶ 39).

12. Plaintiff encountered numerous barriers including: Images lacking alternative text; Interactive elements not programmatically associated with labels; Navigation menus that automatically expanded and disrupted keyboard navigation; Carousel regions not accessible via keyboard controls; Pop-up windows not properly announced to screen readers; Improperly built button elements lacking appropriate "role" attributes; and Requirement that transactions be completed solely with a mouse. (ECF No. 1 ¶¶ 32–36).

13. These barriers denied Plaintiff full and equal access to Defendant's goods and services. (ECF No. 1 ¶ 38).

### B.  Injunctive Relief Is Warranted

14. The ADA authorizes injunctive relief to prevent ongoing discrimination. 42 U.S.C. § 12188(a)(1).

15. Plaintiff satisfies the requirements for permanent injunctive relief:

16. Courts apply a four-factor test for permanent injunctions. *Liebhart v. SPX Corp.*, 998 F.3d 772, 779 (7th Cir. 2021). Those factors are success on the merits; irreparable harm; inadequacy of legal remedies; and public interest. Here, Plaintiff satisfies each of those factors.

17. As to the first factor of success on the merits; Defendant has failed to appear, and the well-pleaded allegations establish violations of Title III of the ADA. Courts in this Circuit routinely enter default judgment where a defendant fails to appear and the well-pleaded allegations establish liability under federal law. *See Board of Trustees v. Elite Erectors, Inc*., 212 F.3d 1031, 1038 (7th Cir. 2000). Courts in this Circuit routinely enter default judgment where defendants fail to appear. *See Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). The Seventh Circuit has also recognized that Title III coverage is not limited to physical spaces and extends to websites. See *Doe v. Mutual of Omaha Ins. Co.*, 179 F.3d 557, 559 (7th Cir. 1999); *Morgan v. Joint Admin. Bd*., 268 F.3d 456, 459-60 (7th Cir. 2001).

18. Next, there is irreparable harm because Plaintiff will continue to be denied meaningful full and equal access absent relief. Federal courts have repeatedly recognized that ongoing inaccessible websites that prevent individuals with disabilities from independently navigating pages, completing forms, or making purchases constitute a denial of full and equal access to goods and services, resulting in irreparable harm. *See Access Living of Metropolitan Chicago v. Uber Technologies, Inc.*, 351 F. Supp. 3d 1141, 1150-51 (N.D. Ill. 2018) (where the Court recognized ongoing denial of accessible services as continuing harm supporting equitable relief); *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019) (where the inaccessible website/app prevented blind user from ordering pizza — effectively an inaccessible checkout barrier); *Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381, 393 (E.D.N.Y. 2017) (where the Defendant encountered inaccessible purchasing functions and barriers preventing online shopping); *National Federation of the Blind v. Target Corp*., 452 F. Supp. 2d 946, 956 (N.D. Cal.

2006) (noting that "the inaccessibility of [the website] impedes the full and equal enjoyment of goods and services offered…").

19. As to inadequacy of legal remedies, money damages are unavailable under Title III. Furthermore, Title III authorizes injunctive relief for private plaintiffs. 42 U.S.C. § 12188(a)(1)

20. Finally, as to the public interest requirement; Promoting website accessibility serves the ADA's core purposes. Approximately 8.1 million Americans are visually impaired, including 260,000 in Illinois. (ECF No. 1 ¶ 3) Ensuring accessibility therefore has broad public impact. Allowing inaccessible websites to persist excludes an entire community from daily commerce, contrary to the ADA's mandate. *Id.* The public interest in enforcing the ADA is well established. *See United States v. AMC Entm't, Inc.*, 549 F.3d 760, 773 (9th Cir. 2008) (injunctions enforcing ADA accessibility requirements serve the public interest); *Scherr* 703 F.3d 1069, 1075 (ADA violations inherently implicate strong public interests in accessibility).

21. Plaintiff's requested injunction complies with Rule 65(d), which requires specific and definite terms. Plaintiff does not seek vague incorporation of third-party standards but rather specific technical actions to ensure accessibility.

22. Courts in this District recognize that websites offering goods and services are places of public accommodation. *See Walsh*, 716 F. Supp. 3d at 660–62. The DOJ has also confirmed that Title III applies to websites (DOJ, Guidance on Web Accessibility and the ADA (Mar. 2022)).

23. Legal remedies are inadequate as a matter of law because Title III of the ADA does not provide compensatory or punitive damages. *See Goodman v. Illinois Dep't of Financial & Prof'l Regulation*, 430 F.3d 432, 438 (7th Cir. 2005). Without injunctive relief, Plaintiff has no adequate remedy to ensure website accessibility.

24. The public interest strongly favors injunctive relief. The ADA was enacted to eliminate discrimination and promote equal access. Ensuring accessible websites benefits not only Plaintiff

but thousands of blind consumers. Courts and the DOJ alike recognize the importance of accessibility. Moreover, the required fixes such as adding alt text, proper labels, ensuring keyboard navigation which are modest in cost relative to the harms avoided. *See Sierra Club v. Franklin Cnty. Power of Ill.*, LLC, 546 F.3d 918, 936–37 (7th Cir. 2008).

25. At this stage, Plaintiff proceeds solely in his individual capacity, not seeking class relief. Plaintiff respectfully requests entry of default judgment declaring Defendant's website inaccessible and enjoining Defendant to correct specific barriers.

26. Plaintiff seeks default judgment solely as to his individual claim under Title III of the ADA and seeks only declaratory and injunctive relief. Plaintiff does not seek class certification, damages, or relief on his state-law claim, including the negligent infliction of emotional distress claim, in this motion.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Enter default judgment in favor of Plaintiff;

2. Declare that Defendant's website violates Title III of the ADA;

3. Permanently enjoin Defendant to, within 180 days:

   a. Provide descriptive alternative text for images;

   b. Ensure all interactive elements are properly labeled and programmatically associated;

   c. Ensure keyboard accessibility of all website functionality;

   d. Correct improper navigation menu behavior and focus order;

   e. Ensure pop-ups and dynamic content are announced to screen readers;

   f. Eliminate any requirement that transactions be completed solely with a mouse;

4. Require Defendant to file a sworn certification of compliance within 180 days;

5. Reserve jurisdiction to award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205;

and

6. Grant such other relief as the Court deems just and proper.

WHEREFORE, Plaintiff respectfully requests entry of default judgment against Defendant.


Respectfully Submitted,


Dated: February 20, 2026


EQUAL ACCESS LAW GROUP, PLLC
*Attorneys for Plaintiff*

**/s/ David B. Reyes**
By: David B. Reyes, Esq.
68-29 Main Street
Flushing, NY 11367
O: 844-731-3343
D: 718-554-0237
Email: Dreyes@ealg.law